**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION**

|  |  |  |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 6:20-cv-06338-EAW |
| | : | |
| HOBART AND WILLIAM SMITH COLLEGES, | : | |
| WILLIAM BOERNER, TAMARA CHASE, and | : | |
| KELLEY HODGE, | : | **Oral Argument Requested** |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS HOBART AND WILLIAM SMITH COLLEGES AND
WILLIAM BOERNER'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**


TROUTMAN PEPPER HAMILTON
SANDERS LLP

Michael E. Baughman
Jason T. Ketelsen
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103
(215) 981-4000
Michael.Baughman@troutman.com
Jason.Ketelsen@troutman.com

*Attorneys for Defendants Hobart and William
Smith Colleges and William Boerner*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ............................................................................................................ 1

ARGUMENT ................................................................................................................... 2

I.    Legal Standard ................................................................................................... 2

      A.    New York Law Does Not Apply ........................................................... 2

      B.    Second Circuit Test ............................................................................... 3

II.    The Second Circuit Balancing Test Does Not Permit Plaintiff to Proceed Using a Pseudonym .......................................................................................................... 4

      A.    This Litigation Does Not Involve Highly Sensitive or Personal Matters Sufficient to Overcome the Presumption of Open Court Proceedings .................. 4

      B.    Plaintiff Does Not Identify Any Legally Cognizable Harms ................................. 8

      C.    Plaintiff's Age Does Not Make Him Particularly Vulnerable ............................... 9

      D.    Plaintiff's Suit Challenges the Actions of Private Parties, Not the Actions of the Government ............................................................................... 10

      E.    Defendants Would be Prejudiced by Allowing Plaintiff to Proceed Anonymously ......................................................................................... 10

      F.    Plaintiff Has Provided No Evidence That He Has Kept His Identity Confidential .............................................................................................. 12

      G.    Public Policy Requires Plaintiff to Disclose His Identity and the Issues Presented Are Not Purely Legal in Nature ......................................................... 13

      H.    While Unnecessary in this Case, There are Alternative Mechanisms for Protecting Plaintiff's Confidentiality ................................................................... 15

CONCLUSION ............................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.B. v. Hofstra Univ.*, No. 2:17-5562, 2018 WL 1935986 (E.D.N.Y. Apr. 24, 2018) .................................................................................................5, 10, 13, 14

*Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-5601, 2015 WL 7017431 (S.D.N.Y. Nov. 12, 2015) ...............................................................................7, 8, 9

*Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34 (2d Cir. 2014) .................6, 8, 9, 12, 16

*Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149 (2d Cir. 1998) ....................................................................................................................2

*Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) ..............................................10

*Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418 (D. Mass. 1995) ...................7

*Doe v. City of New York*, 201 F.R.D. 100 (S.D.N.Y. 2001) ......................................7

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ..........................................4, 5, 9, 10, 11, 13, 14

*Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222 (S.D.N.Y. 2015), aff'd, 672 F. App'x 48 (2d Cir. 2016) ......................................................................................................7

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) ...........................................................7

*Doe v. Fullstack Acad., Inc.*, No. 18-08070, 2018 WL 4868721 (S.D.N.Y. Oct. 5, 2018) .........................................................................................................................7

*Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011) ..........................................................6

*Doe v. North Carolina Cent. Univ.*, No. 1:98-01095, 1999 WL 1939248 (M.D.N.C. Apr. 15, 1999) ........................................................................................6

*Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950 (D.N.J. Aug. 7, 2018) .................5

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) ..................................................3, 7, 8, 9, 10, 11

*Doe v. Temple Univ.*, No. 13-5156, 2014 U.S. Dist. LEXIS 127185 (E.D. Pa. Aug. 7, 2014) ....................................................................................................................6

*Doe v. Temple Univ.*, No. 14-04729, 2014 WL 4375613 (E.D. Pa. Sept. 3, 2014) ..................5, 15

*Doe v. Townes*, No. 19-8034, 2020 WL 2395159 (S.D.N.Y. May 12, 2020)..............................4, 5

*Doe v. United States*, No. 16-7256, 2017 WL 2389701 (S.D.N.Y. June 1, 2017) .........................7

**Page(s)**

*Doe v. Univ. of Rhode Island*, No. 93-0560, 1993 WL 667341 (D.R.I. Dec. 28, 1993) ..................................................................................................................6

*Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506 (S.D.N.Y. 2015) .........................................2

*Hartford Courant Co. v. Pellegrino*, 380 F.3d 83 (2d Cir. 2004)...................................................2

*M.M. v. Zavaras*, 139 F.3d 798 (10th Cir. 1998) .........................................................................6

*Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264 (E.D. Tex. 2007) .........................................6

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2009)..................3, 4, 8, 9, 13, 14, 15

*United States v. Erie Cty., N.Y.*, 763 F.3d 235 (2d Cir. 2014) .......................................................2

**STATUTES/RULES**

34 C.F.R. § 99.31(a)(9)(iii)(B)......................................................................................................12

34 C.F.R. § 99.31(a)(14) ..............................................................................................................13

34 C.F.R. § 99.39 and Appendix A...............................................................................................13

CPLR Rule 3016 .............................................................................................................................2

CPLR Rule 3016(i) ..........................................................................................................................3

Fed. R. Civ. P. 10(a) .......................................................................................................................3

Fed. R. Civ. P. 17(a) .......................................................................................................................3

N.Y. C.P.L.R. § 101 ........................................................................................................................2

**INTRODUCTION**

Plaintiff – seeking to proceed as "John Doe" – brings this action against Hobart and William Smith Colleges ("HWS") and individually named defendants William Boerner, Tamara Chase, and Kelley Hodge (together, "Defendants").  Plaintiff alleges that Defendants discriminated against him and violated state tort and contract law while investigating and adjudicating a sexual assault complaint brought against him by another HWS student, which resulted in his expulsion.  The First Amended Complaint is baseless.  Plaintiff received a fair hearing consistent with HWS's policies and procedures and there was no discrimination.

But Plaintiff's Amended Complaint goes beyond just asserting baseless theories – it contains 73 pages of factually and legally unfounded allegations, as well as false and highly inflammatory allegations about other students and individually named HWS employees.  In short, Plaintiff's Amended Complaint is premised on the theory that two attorneys and a seasoned student affairs professional intentionally railroaded him for no other reason than his status as a male.  Defendants will prove these outrageous allegations are false.

But Defendants should not be put to defending these baseless allegations through discovery and trial while Plaintiff hurls false accusations from behind a cloak of anonymity.  Plaintiff chose to bring this lawsuit and he has made serious charges.  While HWS does not object to maintaining the anonymity of those students who have not sought relief in this Court but are nonetheless castigated by or otherwise named in the Amended Complaint, fundamental fairness requires that Plaintiff be prepared to stand behind his allegations publicly.[1]

---

[1] Plaintiff also seeks to use pseudonyms for the HWS student who filed a sexual assault complaint against him (Jane Roe) as well as other HWS students included in the Complaint. (Pl.'s Mot. at 1).  HWS agrees that these individuals' identities should remain confidential, as they are not the ones who chose to make the matter public by filing suit nor are they the ones utilizing the federal court system.

## ARGUMENT

I.   **Legal Standard**

A.   **New York Law Does Not Apply**

Plaintiff attempts to circumvent established Second Circuit precedent by relying on New York Education Law Section 6448, a portion of the "Enough is Enough Law," which, he says, mandates that his name not be used in court documents.  (*See* Pl.'s Mot. at 6).  He cites no cases to support this proposition.  That is because the provision he cites does not apply here.  The specific provision Plaintiff relies on was enacted pursuant to a section of the New York Civil Practice Law and Rules ("CPLR") and involved an amendment to CPLR Rule 3016, a rule of procedure governing pleadings in state court.  *See* N.Y. Educ. Law § 6448 ("Pursuant to subdivision (i) of rule three thousand sixteen of the civil practice law and rules . . . .").  The CPLR governs legal procedure in New York's unified state court system.  *See* N.Y. C.P.L.R. § 101.  Plaintiff did not file his claims in New York state court and cannot make use of its procedural laws because federal procedural law applies in federal court.[2]  *See, e.g.*, *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 537 (S.D.N.Y. 2015) (noting that the procedural requirements of CPLR Rule 3016 do not govern in federal court); *Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 150-51 (2d Cir. 1998) ("[W]here the matter in question is one covered by the Federal Rules of Civil Procedure, it is settled that . . . the Federal

---

[2] In addition, the First Amendment to the Constitution protects the public's right to open and transparent court proceedings and the Constitution trumps state law.  *See, e.g.*, *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014) ("The notion that the public should have access to the proceedings and documents of courts is integral to our system of government."); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (holding "docket sheets enjoy a presumption of openness and that the public and the media possess a qualified First Amendment right to inspect them.").  To the extent that the New York Education Law is inconsistent with the First Amendment right to open court proceedings, that is all the more reason it should not be applied here.

Rule applies regardless of contrary state law.") (internal citations omitted).  Thus, CPLR Rule 3016(i) is inapplicable.  Instead the question of whether Plaintiff may proceed under a pseudonym is governed by the Federal Rules of Civil Procedure and federal law.

### B.      Second Circuit Test

Federal Rule of Civil Procedure 10 prohibits anonymous filings, requiring that "[t]he title of [a] complaint must name all the parties."  Fed. R. Civ. P. 10(a).   "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2009).  Likewise, Federal Rule of Civil Procedure 17 provides that "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  Like Rule 10, the intent of Rule 17 is to apprise all parties of the identities of their adversaries and to protect the public's legitimate interest in knowing the facts at issue in court proceedings.  *See Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996).

Notwithstanding the plain text of these rules, district courts within the Second Circuit have allowed anonymity in limited circumstances where the balance of the following non-exhaustive factors is sufficient to overcome the strong presumption in favor of open court proceedings:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or to other innocent non-parties;
>
> (3) whether identification poses other harms and the likely severity of those harms;
>
> (4) whether the plaintiff is particularly vulnerable to the harms resulting from disclosure;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, whether the nature of any prejudice differs at any stage of litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) the relative strength of the public interest in knowing the litigants' identities based on the purely legal nature of the issues presented; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted).  Plaintiff cannot meet his "high burden" of showing that any of these factors outweigh the public's right to access judicial proceedings in this case.  *Doe v. Townes*, No. 19-8034, 2020 WL 2395159, at *1 (S.D.N.Y. May 12, 2020) ("[A] plaintiff seeking to proceed anonymously must satisfy a high burden.").

## II.   The Second Circuit Balancing Test Does Not Permit Plaintiff to Proceed Using a Pseudonym

### A.   This Litigation Does Not Involve Highly Sensitive or Personal Matters Sufficient to Overcome the Presumption of Open Court Proceedings

The fact that Defendants found Plaintiff responsible for sexual assault is not sufficiently exceptional to override the constitutionally based presumption of open judicial proceedings.  Issues related to sexual assault and misconduct are not automatically deemed "highly sensitive."  *See, e.g.*, *id.* (denying motion to proceed anonymously where plaintiff claimed she was sexually assaulted); *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006) ("anonymous pleading has frequently been rejected in cases alleging sexual assault").  As such,

courts must exercise discretion "on a case-by-case basis, depending on the particular circumstances before the court." *Id.*

Plaintiff does not even attempt to engage with this first factor and instead states in a conclusory fashion that the nature of his litigation is "highly sensitive and personal," which Plaintiff asserts is "evident from the Complaint."  (Pl.'s Mot. at 8).  And while Plaintiff "does not contend that the revelation of his name would result in mere embarrassment," he does not offer any further explanation for this contention simply noting "the highly sensitive issues involved with claims of sexual assault."  *Id.*  Plaintiff then claims that courts "routinely" allow similarly situated plaintiffs to proceed by pseudonym and offers a string cite in an attempt to bolster this claim.  *Id.* at 8-10.  But in more than half of those cases, no motion to proceed under a pseudonym was filed or the motion was unopposed, thus the court did not need to balance or weigh any of the relevant factors.  For the remaining cases, Plaintiff does not establish how any of those facts are similar to his own case.

Plaintiff's string-cite notwithstanding, many courts have reached the opposite conclusion and refused to allow similarly situated plaintiffs to proceed by pseudonym.  *See, e.g.*, *Del Rio*, 241 F.R.D. at 160; *A.B. v. Hofstra Univ.*, No. 2:17-5562, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018) (requiring plaintiff "to proceed in his true name" because the balance of factors "weigh against allowing [him] to proceed pseudonymously."); *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *4 (D.N.J. Aug. 7, 2018) (finding student-plaintiff's fears that "he will suffer both because of the severe social stigmatization generally attached to accused sex offenders and because being associated with sexual assault will make it difficult for him to gain admission to other colleges and/or obtain employment . . . insufficient to support the plaintiff's request for anonymity."); *Doe v. Temple Univ.*, No. 14-04729, 2014 WL 4375613, at *2 (E.D.

Pa. Sept. 3, 2014) (denying student-plaintiff's motion to proceed under pseudonym noting "this is exactly the kind of 'embarrassment [and] economic harm' that does not support the use of a pseudonym."); *Doe v. Temple Univ.*, No. 13-5156, 2014 U.S. Dist. LEXIS 127185, at *5-6 (E.D. Pa. Aug. 7, 2014) (finding student-plaintiff's fears that "other dental schools will not accept him if they learn of the allegations" and of "public embarrassment arising from having been accused of sexual assault" . . . "insufficient to confer anonymity."); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267-68 (E.D. Tex. 2007) (finding sexual assault victim could not proceed under a pseudonym because "fundamental fairness" demanded that plaintiff "not be allowed to cast aspersions against the public school system and its educators while hiding behind a pseudonym"); *Doe v. North Carolina Cent. Univ.*, No. 1:98-01095, 1999 WL 1939248, at *4 (M.D.N.C. Apr. 15, 1999) (finding sexual assault victim could not proceed under a pseudonym because "[i]t is not appropriate for Plaintiff to 'use [her] privacy interests as a shelter from which [she] can safely hurl these accusations without subjecting [herself] to public scrutiny.'"); *Doe v. Univ. of Rhode Island*, No. 93-0560, 1993 WL 667341, at *3 (D.R.I. Dec. 28, 1993) (finding sexual assault victim could not proceed under a pseudonym because she was "not within those classes of cases that have generally been recognized as compelling privacy."). *See also Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (affirming district court's order denying motion to proceed under pseudonym because "the harm outlined by plaintiff is rather speculative in nature."); *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) (affirming district court's order denying motion to proceed under pseudonym because plaintiff "did not demonstrate that disclosing his identity would cause him substantial irreparable harm.") (internal citations omitted); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (affirming district court's order denying motion to proceed under pseudonym because the "countervailing

-6-

public interest" in transparent proceedings outweighed any potential "humiliation, embarrassment . . . intimidation and retaliation."); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (affirming district court's order denying motion to proceed under pseudonym because the case did "not present such an unusual situation in which the need for party anonymity outweigh[ed] the presumption of openness."); *Doe v. Fullstack Acad., Inc.*, No. 18-08070, 2018 WL 4868721, at *2 (S.D.N.Y. Oct. 5, 2018) ("The few facts alleged do not warrant Doe's use of a pseudonym."); *Doe v. United States*, No. 16-7256, 2017 WL 2389701, at *4 (S.D.N.Y. June 1, 2017) ("Upon balancing the interests of the plaintiff, the defendant, and the public, the relevant factors weigh against permitting the plaintiff to proceed anonymously in this case."); *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 226 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (finding practicing lawyer's claims of professional, reputational, and financial injuries insufficient to maintain anonymity); *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-5601, 2015 WL 7017431, at *7 (S.D.N.Y. Nov. 12, 2015) (denying request to use pseudonym because "the balance of factors" weighed against request); *Doe v. City of New York*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001) (denying motion to proceed under pseudonym because "plaintiff's claim of threatened harm is speculative and exaggerated."); *Doe v. Shakur*, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996) (finding sexual assault victim "had not shown that she is entitled to proceed under a pseudonym" and that "[f]airness require[d] that she be prepared to stand behind her charges publicly."); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) (finding sexual assault victim could not proceed under a pseudonym because she had "not demonstrated such a compelling need for privacy as to outweigh the rights of the defendants and the public to open proceedings.").

Here, Plaintiff's identification as a student found responsible in a college disciplinary proceeding and the circumstances surrounding the sexual misconduct do not make this case "highly sensitive."  An individual's desire not to be associated with embarrassing subject matter does not justify a litigant's anonymity, particularly where Plaintiff has offered no admissible evidence, by way of affidavit, to support his claim.  The first factor thus weighs against allowing Plaintiff to proceed anonymously.

**B.       Plaintiff Does Not Identify Any Legally Cognizable Harms**

The next two factors require examination of cognizable harms plaintiffs will incur if they proceed under their real name.  The second factor asks "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or to other innocent non-parties" and the third factor asks "whether identification poses other harms and the likely severity of those harms."  *Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted).  Plaintiff attempts to make an argument that revealing his identity would result in significant harm and devotes almost eight pages to this issue.  (Pl.'s Mot. at 10-17).  But despite all the bluster, indignation, news articles, and non-precedential case law from other circuits, Plaintiff utterly fails to identify any harms that require anonymity.

In response to the second factor, Plaintiff merely states that identifying him "would unduly place him at risk for physical or mental harm" because "the subject matter of sexual misconduct and false accusations is a highly volatile issue in the public discourse right now."  *Id.* at 10-11.  Plaintiff's limited assertions here are vague and conclusory and the Second Circuit has specifically refused to recognize harms that are "speculative in nature."  *See Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (affirming district court denial of motion to proceed anonymously).  Similarly, in *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996), the court found the plaintiff's allegation "that she has been subjected to

-8-

death threats" insufficient because the plaintiff had not "provided any details." *Shakur* also observed the plaintiff had not "explained how or why the use of her real name in court papers would lead to harm, since those who presumably would have any animosity toward her already know her true identity." *Id.*

Plaintiff admittedly puts forth more details in response to the third factor, but still fails to follow the applicable legal standard. His contention is that he "should not be forced to risk his entire professional future and personal reputation in order to have his case heard on the merits." Yet, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity" and courts "consistently reject[] anonymity requests predicated on harm to a party's reputational or economic interests." *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-5601, 2015 WL 7017431, at *3-4 (S.D.N.Y. Nov. 12, 2015). Moreover, Plaintiff's speculation about what might or might not happen in the future runs afoul of the Second Circuit's decision in *Medco Health*. Indeed, Plaintiff's entire theory is that he is innocent and intends to prove that in Court. If he is right (which HWS disputes), he should have nothing to fear by revealing his name.

The second and third factors thus both weigh against allowing Plaintiff to proceed anonymously.

### C.    Plaintiff's Age Does Not Make Him Particularly Vulnerable

The fourth factor, which examines whether plaintiffs are vulnerable to the potential harms of disclosure, generally relates to their ages. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2009). "[C]ourts have been readier to protect the privacy of infant plaintiffs than of adults, whether because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation." *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (citations omitted).

Plaintiff is not an infant or a minor—he is a college-aged adult.   He is old enough to use and understand the court system and has knowingly availed himself of that system to seek redress against Defendants.  He is therefore also old enough to "stand behind [his] charges publicly." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).  The fourth factor thus weighs against allowing Plaintiff to proceed anonymously.

**D.      Plaintiff's Suit Challenges the Actions of Private Parties, Not the Actions of the Government**

Plaintiff sued a private institution of higher education and three private individuals affiliated with that institution.  Private colleges and universities are not government entities. *A.B. v. Hofstra Univ.*, No. 17-CV-5562, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018) ("The fifth factor seems to weigh against Plaintiff as this is a suit between private parties.").  Individuals employed by or otherwise affiliated with private colleges and universities are likewise not government entities. *Id.*  The cases cited by Plaintiff are inapposite.  In *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006), the plaintiff alleged that a Rabbi at an Orthodox Jewish elementary school abused him as a child.  Plaintiff also shortened the sentence quoted from *Doe v. Del Rio*, 241 F.R.D. at 158, taking it completely out of context.  Importantly, that same sentence starts by stating "where a lawsuit is brought solely against the government and seeks to raise an abstract question of law. . . ." *Id.*  Plaintiff's suit was not brought solely against the government and does not raise any abstract questions of law.

The fifth factor thus weighs heavily against allowing Plaintiff to proceed anonymously.

**E.      Defendants Would be Prejudiced by Allowing Plaintiff to Proceed Anonymously**

When evaluating the sixth factor, "[c]ourts have expressed concern that maintaining a plaintiff's anonymity could 'unfairly impede defendant's ability to impeach the

plaintiffs' credibility' through cross examination and introduction of personal evidence at trial."

*Del Rio*, 241 F.R.D. at 159 (citations omitted).

> Moreover, concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses.  Where the defendants' identities are known, but not the plaintiffs', information about only one side may thus come to light.

*Id.* (citations omitted).  Furthermore, to the extent that HWS is limited in utilizing Plaintiff's true name, it may be impeded in conducting discovery of third parties (such as issuing subpoenas for medical or academic records), or even interviewing relevant witnesses.

Courts have also recognized that when named parties are forced to respond to public accusations levied in the public sphere by an anonymous opponent, the prejudice incurred by the named parties weighs in favor of precluding anonymity.  *See, e.g.*, *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) ("If plaintiff were permitted to prosecute this case anonymously, [the defendant] would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity.") (citations omitted).

Here, Defendants will be prejudiced in exactly the ways described above. Plaintiff has already levied demonstrably false attacks on HWS and each of the individually named defendants.  The incendiary allegations in the Amended Complaint are untrue, and Plaintiff should not be allowed to make such allegations behind a "cloak of anonymity" without standing behind them with his own name.  Plaintiff argues that Defendants will not be prejudiced because they know his identity and can therefore prepare a defense.  (Pl.'s Mot. at 19).  But this ignores the legitimate issues of prejudice Defendants will encounter described above.  The sixth factor thus weighs against allowing Plaintiff to proceed anonymously.

**F.     Plaintiff Has Provided No Evidence That He Has Kept His Identity Confidential**

Plaintiff has produced no evidence, or even individualized argument, showing that he has taken steps to protect the confidentiality of his identity.  Plaintiff simply asserts, in an unverified brief, that he "has done everything in his power to keep the matter of his disciplinary process confidential" without further explanation.  (Pl.'s Mot. at 19).[3]  Plaintiff also concedes that he has shared information with his family, legal counsel, and close friends.  *Id.* at 19-20.  It is Plaintiff's burden to establish an ***evidentiary basis*** to overcome the public's right of access, and he has utterly failed to do so.  *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (noting a plaintiff must "demonstrate" which "factors fall in his favor[.]")

In addition, to the extent Plaintiff relies on HWS's obligation to keep his identity confidential under the Family Education Rights and Privacy Act (FERPA), Plaintiff waived that protection by filing suit against HWS.  The Department of Education's regulations interpreting FERPA permit an educational institution to reveal information about a student who has filed suit against it in order to defend itself.  *See* 34 C.F.R. § 99.31(a)(9)(iii)(B) ("If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself.").

Thus FERPA reflects a federal policy contrary to Plaintiff's claims for anonymity.  Further, FERPA specifically authorizes educational institutions to disclose the identity of a student who is an "alleged perpetrator of a crime of violence" and "has committed a violation of

---

[3] While Plaintiff's counsel submitted an affidavit broadly suggesting Plaintiff has kept his identity confidential, he has no first-hand knowledge of this issue and the affidavit is just hearsay.

the institution's rules or policies." *See* 34 C.F.R. § 99.31(a)(14).  This further illustrates the strength of the public interest in knowing Plaintiff's identity.  It is undisputed that Plaintiff is an "alleged perpetrator of a crime of violence" and was found responsible for violating HWS's sexual misconduct policies.  *See* 34 C.F.R. § 99.39 and Appendix A ("Alleged perpetrator of a crime of violence is a student who is alleged to have committed acts that would, if proven, constitute . . . forcible sex offenses[.]")  The seventh factor thus weighs against allowing Plaintiff to proceed anonymously.

 **G.** **Public Policy Requires Plaintiff to Disclose His Identity and the Issues Presented Are Not Purely Legal in Nature**

 Plaintiff combines factors eight and nine into a single heading but fails adequately to address either one.  The eighth factor asks "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity" and the ninth factor contemplates "the relative strength of the public interest in knowing the litigants' identities ***based on the purely legal nature of the issues presented***."  *Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted) (emphasis added).

 There is a "significant interest in open judicial proceedings even in ordinary civil litigation between private parties."  *Del Rio*, 241 F.R.D. at 159.  As the *Del Rio* court explained:

> Private civil suits, individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.  Further, where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.

*Id.*  As such, there is a "general presumption that parties' identities are public information."  *A.B. v. Hofstra Univ.*, No. 17-CV-5562, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018).  It is

Plaintiff's burden to show that his private interest in anonymity overcomes the presumption of disclosing his identity.  *Id.*

When a lawsuit is "of [a] purely legal nature . . . there is an atypically weak public interest in knowing the litigants' identities."  *Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted).  Thus, "where a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process."  *Del Rio*, 241 F.R.D. at 158.  As an obvious example, "[t]he particular identity of Roe in *Roe v. Wade* ha[d] little bearing on the nature of the dispute or the merits of the case."  *Id.*

Here, Plaintiff simply argues that his "identity in and of itself has no relevance to the public interest" because he "is not a public figure, nor a supervisory employee of the University."  (Pl.'s Mot. at 20).  These unsupported arguments do not come close to satisfying Plaintiff's burden.

In addition, Plaintiff cannot argue that his causes of action are of a "purely legal" nature.  Plaintiff filed a 306-paragraph Complaint that asserts claims that are fact intensive and lodges detailed allegations of discrimination, sexism, and other misconduct against HWS and named individuals.  Plaintiff's claims raise issues about HWS's policies and procedures for responding to allegations of sexual assault and how the particular allegations against him were handled.  Plaintiff also does not seek to declare a law invalid or to vindicate an abstract legal principle.  Instead, this case is very much about his individual circumstances.  And while Plaintiff's claims may well fail as a matter of law, the nature of his allegations are far from purely legal.

Moreover, Plaintiff's case raises issues that are already part of an ongoing national discussion about Title IX and how educational institutions like HWS respond to incidents of sexual assault – including from the viewpoint of male respondents who are expelled for sexual misconduct.  Because these issues are the subject of public and media attention, there is a greater than usual public interest in knowing the identities of the litigants.  As one district court recognized:

> [John Doe] filed suit in federal court to seek his exoneration. Because one of the essential qualities of a Court of Justice [is] that its proceedings should be public, Doe's choice comes with a consequence.  The dispute, and Doe's name, will contribute to the current debate about sexual assault on college campuses.

*Doe v. Temple Univ.,* No. 14-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (denying motion to proceed using pseudonym).

The eighth and ninth factors thus both weigh heavily against allowing Plaintiff to proceed anonymously.

### H.    While Unnecessary in this Case, There are Alternative Mechanisms for Protecting Plaintiff's Confidentiality

The tenth and final factor contemplates "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."  *Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted).  As demonstrated above, Plaintiff has presented no facts, evidence, or arguments that satisfy the Second Circuit's stringent requirements for proceeding with a pseudonym.  Defendants therefore respectfully suggest the Court need not consider the final factor.  Since Plaintiff is not entitled to proceed anonymously, there is no reason to consider alternate mechanisms to protect his confidentiality.  However, if the Court is still unpersuaded, there are alternate mechanisms available.

One alternative mechanism is restraint by Plaintiff and his attorneys.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Yet Plaintiff filed an unnecessarily long Amended Complaint with 306 paragraphs spread over 73 pages.  Plaintiff should not be rewarded for his decision to go the route of false and inflammatory prolixity.  It stands to reason that if Plaintiff had filed the Complaint using his real name, he may have been more selective with the details he chose to include.

Protective orders and/or document redactions are also routinely used alternate mechanisms.  *See, e.g.*, *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (affirming district court denial of motion to proceed anonymously, noting that "[r]edacted and sealed submissions are routinely used in cases involving sensitive medical information and this case may very well require some of these special measures.").  The tenth factor thus weighs against allowing Plaintiff to proceed anonymously.

## CONCLUSION

Plaintiff has chosen to avail himself of the judicial process by initiating this action in a public forum and has not remotely demonstrated the kind of unique and extraordinary facts that justify proceeding pseudonymously.  This is not the exceptional case.  As such, Plaintiff's request is barred by Second Circuit law.  This Court should deny Plaintiff's Motion to Proceed Under Pseudonym as it relates to Plaintiff.

Respectfully Submitted,

Dated: Philadelphia, Pennsylvania
       September 28, 2020

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By: */s/ Michael E. Baughman*
Michael E. Baughman
Jason T. Ketelsen (*admission pending*)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103
(215) 981-4000
Michael.Baughman@troutman.com
Jason.Ketelsen@troutman.com

*Attorneys for Defendants Hobart and William Smith*
*Colleges and William Boerner*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2020, a true and accurate copy of the

foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Proceed Under

Pseudonym was served electronically via the Court's Electronic Case Filing system.


_/s/ Michael E. Baughman_
Michael E. Baughman