UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                Plaintiff,

      v.

HOBART AND WILLIAM SMITH
COLLEGES, WILLIAM BOERNER,
TAMARA CHASE, AND KELLEY
HODGE,

                Defendants.
_____

**DECISION AND ORDER**

6:20-CV-06338 EAW

## INTRODUCTION

Plaintiff John Doe ("Plaintiff") commenced this action on May 22, 2020, alleging that Defendants Hobart and William Smith Colleges, William Boerner, Tamara Chase, and Kelley Hodge (collectively "Defendants") are liable for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as well as breach of contract, negligence, and related state law claims, arising from an investigation and adjudication of sexual assault allegations made against Plaintiff by a fellow classmate. (Dkt. 1).

Presently before the Court is Plaintiff's motion to proceed under a pseudonym and for a protective order. (Dkt. 2). Defendants oppose the motion. (Dkt. 19). For the following reasons, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff was an undergraduate student at Hobart and William Smith Colleges scheduled to graduate in May of 2020. (Dkt. 1 at ¶¶ 1, 58). Plaintiff had a sexual encounter

- 1 -

with a classmate on October 20, 2018, which he contends was consensual. (*Id.* at ¶ 2). On September 20, 2019, Plaintiff was notified that he was under investigation for violating Hobart and William Smith's sexual misconduct policy arising from the events of the prior year. (*Id.* at ¶¶ 2, 104). Defendant Chase is an investigator who conducted the investigation of the allegations against Plaintiff. (*Id.* at ¶¶ 11, 118). According to Plaintiff, he denied the allegations and presented significant evidence that contradicted or undercut the allegations made by his classmate against him, but the exculpatory evidence was not included in the investigative report. (*Id.* at ¶¶ 3-4, 124). On March 9, 2020, an adjudicatory hearing was conducted and Defendant Hodge served as the sole adjudicator. (*Id.* at ¶¶ 141, 142). Defendant Boerner is the Title IX Coordinator and Assistant Vice President at Hobart and William Smith Colleges. (*Id.* at ¶ 10).

On March 16, 2020, Plaintiff was found responsible for violating the sexual misconduct policy and permanently separated from Hobart and William Smith Colleges. (*Id.* at ¶ 171). He alleges that the decision was erroneous and discriminatory on the basis of his gender. (*Id.* at ¶ 184). Plaintiff submitted an appeal, but it was denied, purportedly leaving this litigation as Plaintiff's sole option to restore his name and reputation, and vacate the false and erroneous outcome of the hearing. (*Id.* at ¶¶ 187, 199). In this litigation, Plaintiff seeks an order directing Hobart and William Smith Colleges to set aside its decision and have all annotations referencing it removed from his transcript. (*Id.* at ¶ 270). By the instant motion, Plaintiff seeks a protective order permitting him to proceed anonymously, arguing that his goal of disassociating his name from the sexual assault findings would be negated if he had to proceed under his own name.

## **DISCUSSION**

### I. **Legal Standard**

Rule 10 of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Permitting a party to be relieved from this requirement is an exception, and the party seeking that relief must adequately refute the presumption in favor of disclosure. *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (holding that Rule 10 "serves the vital purpose of facilitating public scrutiny of judicial proceedings" and "cannot be set aside lightly"); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) ("The question for the district court is whether the plaintiff has a 'substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." (quoting *Sealed Plaintiff*, 537 F. 3d at 189)).

"The Second Circuit established the following non-exhaustive standard, which balances 'the interests of both the public and the opposing party,' to determine whether a party should be allowed to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at

any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *1-2 (E.D.N.Y. Oct. 14, 2020) (quoting *Sealed Plaintiff,* 537 F.3d at 189-90).

## II.     Analysis of Factors[1]

The Court finds that the first factor, whether the litigation involves matters that are highly sensitive and of a personal nature, weighs in favor of Plaintiff.  While "[a]llegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym," *Doe v. Townes*, No. 19-CV-8034-ALC-OTW, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020), here, the allegations contain personal, sensitive, and graphic details relating to sexual acts between college students and which resulted in Plaintiff's expulsion from school.  *See Doe v. Colgate Univ.*, No. 5:15-CV-1069-LEK-DEP, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016) ("Recently, cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the

---

[1]     Plaintiff argues that in addition to the non-exhaustive factors set forth by the Second Circuit, this Court should also consider the privacy protections set forth in New York Education Law § 6448.  (*See* Dkt. 2-1 at 11; Dkt. 32 at 6).  Defendants argue that the provision relied upon by Plaintiff is a rule of procedure and has no applicability to this federal court proceeding. (Dkt. 19 at 6-7).  Because the Court resolves the motion in favor of Plaintiff without consideration of New York Education Law, it need not and does not resolve this issue.

plaintiffs in these cases and their accusers."). At this stage of the proceedings, the Court concludes this factor weighs in Plaintiff's favor.

"The second and third factors evaluate the risks that identification would present and the likelihood of those physical and mental harms. If disclosure creates risk of harm from third parties, disclosure is disfavored. The risks must be more than speculative claims of physical or mental harms. A risk of retaliation may be found where there is a history of substantiated prior action directed at plaintiff(s) from defendant(s)." *Townes*, 2020 WL 2395159, at *4 (internal citations omitted). Relevant to the third factor is "whether the plaintiff commenced suit in order to prevent the type of injury that disclosure of her identity would cause." *Doe v. Solera Cap. LLC*, No. 18 CIV. 1769 (ER), 2019 WL 1437520, at *5 (S.D.N.Y. Mar. 31, 2019), *reconsideration denied*, No. 18 CIV 1769 (ER), 2019 WL 5485210 (S.D.N.Y. Oct. 25, 2019). Here, while Plaintiff does not contend that there is a risk of Defendants retaliating against Plaintiff or causing him additional physical and mental harm, the risks of harm from third parties were his identity required to be disclosed has been credibly argued. Specifically, Plaintiff has argued that the revelation of his name would wholly undermine his intention in filing this lawsuit. In other words, Plaintiff's interests in pursuing this lawsuit to restore his reputation would be futile if he were unable to avoid the undue embarrassment and public association of his name with sexual assault allegations via the disclosure of his name. *See Colgate Univ.*, 2016 WL 1448829, at *3 ("Should Plaintiff prevail in proving that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to

reveal his identity would further exacerbate the emotional and reputational injuries he alleges."). The Court concludes that these factors favor Plaintiff.

The fourth factor, age and vulnerability of Plaintiff, weighs against proceeding anonymously because Plaintiff is an adult. *A.B. v. Hofstra Univ.,* No. 2:17-CV-5562-DRH-AYS, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018) ("The fourth factor also weighs against Plaintiff, as he is not a member of a population that is particularly vulnerable to the possible harms of disclosure, such as young children."). This factor favors disclosure.

The fifth factor, whether the suit is challenging the government or private parties, also weighs against Plaintiff and in favor of disclosure. *A.B.*, 2018 WL 1935986, at *3 ("The fifth factor seems to weigh against Plaintiff as this is a suit between private parties."). Plaintiff has not established that the fact that Hobart and William Smith Colleges receives federal funding alters that analysis or transforms it to a governmental entity.

The sixth factor, whether Defendants are prejudiced by allowing Plaintiff to press his claims anonymously and whether the nature of that prejudice differs at any particular stage of the litigation, is neutral at this time. Here, motions to dismiss are pending (*see* Dkt. 20, 21, 22), and while Defendants raise concerns about discovery being impeded if Plaintiff is permitted to proceed anonymously, those concerns can be raised during later proceedings in this case, if necessary. At this time, this factor is neutral.

The seventh factor, whether Plaintiff's identity has been kept confidential up to this point, appears neutral. Plaintiff has disclosed the matter to his family, counsel, and friends, and many of his classmates at Hobart and William Smith Colleges are undoubtedly aware of his identity. But there is a distinction between that level of knowledge of Plaintiff's

identity and full disclosure of his name through the publicly-searchable presence of a lawsuit. This factor does not tip in either party's favor.

The eighth factor, whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, weighs against Plaintiff. As noted, there is a general presumption that the names of parties engaged in litigation are considered public information. While Plaintiff alleges that he "is not a public figure or supervisory employee of the University, such that the public would have an interest in learning his specific identity," (Dkt. 2-1 at 25), this argument does not address the general presumption in favor of public disclosure in most cases. Accordingly, the eighth factor weighs against Plaintiff.

The ninth factor also weighs against Plaintiff because the issues here are not purely legal in nature, nor has Plaintiff addressed this factor in his motion. This factor weighs in favor of public disclosure.

Finally, whether there are alternative mechanisms for protecting Plaintiff's confidentiality, the Court finds that this factor weighs in Plaintiff's favor at this stage of the proceedings as it appears to be the least restrictive appropriate remedy available to allow the litigation to proceed but to protect Plaintiff's identity and reputation at this time.

In sum, having considered all of the factors outlined by the Second Circuit, the Court concludes that permitting Plaintiff to proceed anonymously at this time is appropriate. *See Doe v. Rensselaer Polytechnic Inst.*, No. 1:20-cv-1185, 2020 WL 5775193, at *1 (N.D.N.Y. Sept. 28, 2020) (finding that balance of interests favor anonymity of college student who claimed he was falsely accused of sexual assault). But should matters arise throughout the course of these proceedings that would warrant the Court's revisiting that

decision, the parties are free to raise the matter again for the Court's consideration. *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1053 (N.D. Cal. 2020) ("The Court granted plaintiff's motion to proceed under a pseudonym when this case was in its infancy, before defendant's counsel had appeared let alone responded to the complaint. Now that defendant's counsel has appeared and the parties have engaged in motion practice that provides additional insight into the case, the circumstances have changed materially. This is sufficient to warrant consideration of the motion to compel compliance with Rule 10(a) on the merits.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion (Dkt. 2) to proceed under a pseudonym and for a protective order is granted.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 19, 2021
           Rochester, New York