**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**
**ROCHESTER DIVISION**

---

|  |  |  |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 6:20-cv-06338-EAW |
| | : | |
| HOBART AND WILLIAM SMITH COLLEGES, | : | |
| WILLIAM BOERNER, TAMARA CHASE, and | : | |
| KELLEY HODGE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**DEFENDANT HOBART AND WILLIAM SMITH COLLEGES'**
**ANSWER AND AFFIRMATIVE DEFENSES TO THE**
**FIRST AMENDED COMPLAINT**

Defendant Hobart and William Smith Colleges ("HWS"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint:

1.      Admitted that Plaintiff was an HWS student scheduled to graduate in May 2020 and that an investigation and adjudication of certain allegations made against Plaintiff by a fellow HWS student resulted in Plaintiff's expulsion from HWS and that he therefore did not receive a degree from HWS.  The remaining allegations in Paragraph 1 are denied.

2.      Admitted only that in September 2019 Plaintiff was provided a Notice of Investigation relating to an assault that occurred in October 2018.  The remaining allegations are denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Admitted that Plaintiff completed the academic requirements for an undergraduate degree at HWS.  The remaining allegations are denied.

7.      The allegations in Paragraph 7 are denied as conclusions of law, which do not require a response.

8.      Admitted.

9.      Admitted.

10.     Admitted.  By way of further response, the Court dismissed all counts against Dr. Boerner and directed the Clerk of Court to terminate Dr. Boerner as a defendant in this case pursuant to a Decision and Order dated June 25, 2021.

11.     Admitted.

12.     Admitted.  By way of further response, the Court dismissed all counts against Ms. Hodge and directed the Clerk of Court to terminate Ms. Hodge as a defendant in this case pursuant to a Decision and Order dated June 25, 2021.

13.     The allegations in Paragraph 13 are conclusions of law; however, HWS admits that subject matter jurisdiction is proper in this Court.

14.     The allegations in Paragraph 14 are conclusions of law; however, HWS admits that this Court has personal jurisdiction over HWS.

15.     Denied.  By way of further response, the Court dismissed all counts against Dr. Boerner and directed the Clerk of Court to terminate Dr. Boerner as a defendant in this case pursuant to a Decision and Order dated June 25, 2021.

16.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and the allegations are thus deemed denied.

17.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17 and the allegations are thus deemed denied.  By way of further response, the Court dismissed all counts against Ms. Hodge and directed the Clerk of Court to terminate Ms. Hodge as a defendant in this case pursuant to a Decision and Order dated June 25, 2021.

18.     The allegations in Paragraph 18 are conclusions of law; however, HWS admits that venue is proper in this Court.

19.     Admitted that the DOE issued a "Dear Colleague Letter" on April 4, 2011. Plaintiff's description of the Dear Colleague Letter is denied, as the document speaks for itself.

20.     To the extent the allegations in Paragraph 20 purport to describe what the Department of Education intended or did, HWS lacks sufficient information to form a belief as to the truth of those allegations, which are therefore denied.  To the extent the allegations in Paragraph 20 are conclusions of law, no response is required.

21.     Plaintiff's description of the Dear Colleague Letter is denied, as the document speaks for itself.

22.     Admitted, except that Plaintiff's description of the 2014 Q&A as a "directive" is a legal conclusion.

23.     Plaintiff's description of the 2014 Q&A is denied, as the document speaks for itself.

24.     Plaintiff's description of the Report "Not Alone" is denied, as the document speaks for itself.

25.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 and the allegations are thus deemed denied.

26.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 26 and the allegations are thus deemed denied.

27.     HWS lacks sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 27 and the allegations are thus deemed denied. Plaintiff's description of the referenced article is denied, as the article speaks for itself.

28.     Plaintiff's description of the referenced white paper is denied, as the document speaks for itself.

29.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 29 and the allegations are thus deemed denied.

30.     Admitted only that a complaint was filed against HWS with the OCR in 2014.  Plaintiff's description of the complaint is denied, as the document speaks for itself.

31.     Plaintiff's description of the OCR complaint, and the supposed media coverage, is denied, as those documents speaks for themselves.

32.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

33.     Admitted that the New York times published an inaccurate article on the case.  Any remaining allegations are denied.

34.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 34 and the allegations are thus deemed denied.

35.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

36.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

37.     Plaintiff's description of the referenced website is denied, as the website speaks for itself.

38.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

39.     Admitted only that, like many college campuses, there was activism around the issue of sexual assault, from multiple perspectives.  The remaining allegations are denied.

40.     Denied.

41.     Plaintiff's description of the referenced letter is denied, as the letter speaks for itself.

42.     Plaintiff's description of the referenced letter is denied, as the letter speaks for itself.

43.     Denied.

44.     Denied.

45.     Admitted.

46.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

47.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

48.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

49.     Denied.  By way of further response, HWS, like any school, faces potential criticism from both complainants and respondents with any Title IX case.

50.     Admitted only that a separate complaint was also filed against HWS, which OCR dismissed, along with the first complaint, well before the case involving Plaintiff. Any remaining or inconsistent allegations are denied.

51.     Admitted.

52.     Plaintiff's description of the referenced press release is denied, as the press release speaks for itself.

53.     Admitted only that the DOE issued proposed new Title IX regulations. HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.

54.     Plaintiff's description of the referenced letter is denied, as the letter speaks for itself.  By way of further response, the letter made clear that the schools signing the letter were committed to providing fairness for respondents in Title IX cases.

55.     Denied.

56.     Plaintiff's description of the 2018 Title IX "update" is denied, as the writing speaks for itself.

57.     Denied.

58.     The first sentence of Paragraph 58 is admitted.  HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.

59.     The first sentence of Paragraph 59 is admitted.  HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.

60.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 60 and the allegations are thus deemed denied.

61.     The first sentence of Paragraph 61 is admitted.  HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

62.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 62 and the allegations are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

63.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 63 and the allegations are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

64.     HWS lacks first-hand knowledge of the interactions described in Paragraph 64 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

65.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 65 and the allegations are thus deemed denied.

66.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 66 and the allegations are thus deemed denied.

67.     HWS lacks first-hand knowledge of the interactions described in Paragraph 67 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

68.     HWS lacks first-hand knowledge of the interactions described in Paragraph 68 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

69.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 69 and the allegations are thus deemed denied.

70.     HWS lacks first-hand knowledge of the interactions described in Paragraph 70 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

71.     HWS lacks first-hand knowledge of the interactions described in Paragraph 71 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

72.     HWS lacks first-hand knowledge of the interactions described in Paragraph 72 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

73.     HWS lacks first-hand knowledge of the interactions described in Paragraph 73 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

74.     HWS lacks first-hand knowledge of the interactions described in Paragraph 74 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

75.     HWS lacks first-hand knowledge of the interactions described in Paragraph 75 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

76.     HWS lacks first-hand knowledge of the interactions described in Paragraph 76 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

77.     HWS lacks first-hand knowledge of the interactions described in Paragraph 77 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

78.     HWS lacks first-hand knowledge of the interactions described in Paragraph 78 and the allegations as described by Plaintiff are thus deemed denied.  By way of

further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

79.     HWS lacks first-hand knowledge of the interactions described in Paragraph 79 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

80.     HWS lacks first-hand knowledge of the interactions described in Paragraph 80 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

81.     HWS lacks first-hand knowledge of the interactions described in Paragraph 81 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

82.     HWS lacks first-hand knowledge of the interactions described in Paragraph 82 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

83.     HWS lacks first-hand knowledge of the interactions described in Paragraph 83 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

84.     HWS lacks first-hand knowledge of the interactions described in Paragraph 84 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

85.     HWS lacks first-hand knowledge of the interactions described in Paragraph 85 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

86.     HWS lacks first-hand knowledge of the interactions described in Paragraph 86 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

87.     HWS lacks first-hand knowledge of the interactions described in Paragraph 87 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

88.     HWS lacks first-hand knowledge of the interactions described in Paragraph 88 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

89.     Plaintiff's description of the video is denied, as the video speaks for itself. By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

90.     Plaintiff's description of the video is denied, as the video speaks for itself. By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

91.     Plaintiff's description of the video is denied, as the video speaks for itself. By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

92.     HWS lacks first-hand knowledge of the interactions described in Paragraph 92 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

93.     HWS lacks first-hand knowledge of the interactions described in Paragraph 93 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

94.     HWS lacks first-hand knowledge of the interactions described in Paragraph 94 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

95.     HWS lacks first-hand knowledge of the interactions described in Paragraph 95 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

96.     HWS lacks first-hand knowledge of the interactions described in Paragraph 96 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

97.     Admitted only that Roe filed a complaint with HWS's Title IX office in September of 2019 and that she was accompanied by her roommate Sally Smith.  The remaining allegations in Paragraph 97 are denied.

98.     Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

99.     Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

100.    Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

101.    Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

102.    Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

103.    Admitted only that Roe requested academic accommodations.  The remaining allegations in Paragraph 103 are denied.

104.    The first sentence of Paragraph 104 is admitted.  HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.  By way of further response, HWS investigated and

adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

106. Plaintiff's description of the Notice of Investigation is denied, as the document speaks for itself.

106. Admitted.

107. Admitted that CSC Investigations is an investigative firm with substantial experience conducting Title IX investigations. HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 107 and the allegations are thus deemed denied.

108. Plaintiff's description of the referenced website is denied, as the website speaks for itself.

109. Plaintiff's description of the referenced article is denied, as the document speaks for itself.

110. Denied.

111. Denied.

112. HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 112 (which purport to generalize what "trauma informed trainings" are) and the allegations are thus deemed denied.

113. Plaintiff's description of the referenced article is denied, as the document speaks for itself.

114. HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 114 and the allegations are thus deemed denied. By way of further response, HWS does not utilize ATIXA training.

115.    HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 115 and the allegations are thus deemed denied.  By way of further response, HWS does not utilize ATIXA training.

116.    Plaintiff's description of the referenced Position Statement is denied, as the document speaks for itself.  By way of further response, HWS does not utilize ATIXA training.

117.    Denied.

118.    Admitted.

119.    Admitted.

120.    Admitted.

121.    Admitted only that Chase audio-recorded the interviews after obtaining consent from each witness and informing the witnesses that she would destroy the recordings after drafting the investigative report.  Plaintiff's attorney/advisor was present when this was explained to Plaintiff and he did not object.  The remaining allegations in Paragraph 121 are denied.

122.    Admitted that Chase conducted certain follow-up interviews.  The remaining allegations in Paragraph 122 are denied.

123.    Admitted that Chase issued the final investigative report on February 7, 2020.  The remaining allegations in Paragraph 123 are denied.

124.    The first sentence of Paragraph 124 is admitted.  The remaining allegations are denied.

125.    Plaintiff's description of the final investigative report is denied, as the document speaks for itself.

126.   Plaintiff's description of the final investigative report is denied, as the document speaks for itself.

127.   Plaintiff's description of the final investigative report is denied, as the document speaks for itself.

128.   The first sentence of Paragraph 128 is admitted.  Plaintiff's description of the final investigative report is denied, as the document speaks for itself.

129.   The first sentence of Paragraph 129 is admitted.  The remaining allegations are denied.

130.   Plaintiff's description of the final investigative report is denied, as the document speaks for itself.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

131.   Plaintiff's descriptions of the final investigative report and video are denied, as the document and video speak for themselves.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

132.   Plaintiff's descriptions of the final investigative report and videos are denied, as the document and videos speak for themselves.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

133.   Plaintiff's descriptions of the final investigative report and videos are denied, as the document and videos speak for themselves.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

134.   Plaintiff's descriptions of the final investigative report and videos are denied, as the document and videos speak for themselves.

135.   Plaintiff's descriptions of the final investigative report and videos are denied, as the document and videos speak for themselves.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

136.   Plaintiff's descriptions of the final investigative report and HWS policy are denied, as the writings speak for themselves.

137.   Plaintiff's descriptions of the final investigative report are denied, as the writing speaks for itself.

138.   Plaintiff's descriptions of the final investigative report and related documents are denied, as the writings speak for themselves.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

139.   Denied.

140.   Denied.

141.   Admitted.

142.   The first sentence of Paragraph 142 is admitted.  Plaintiff's description of the website is denied, as the website speaks for itself.

143.   Admitted.

144.   Admitted that the identified individuals were present at the hearing.

145.   Denied that the parties were provided no reason for the witness's unavailability.  The remaining allegations in Paragraph 145 are admitted.

146.    Denied that the parties were provided no reason for the witness's unavailability.  The remaining allegations in Paragraph 146 are admitted.

147.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

148.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

149.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

150.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

151.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.  In addition, upon information and belief, Plaintiff's attorney/advisor prepared most (if not all) of Plaintiff's statements and questions for the hearing, and assisted him with answering questions.

152.    Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's descriptions of the hearing and the video are denied, as the hearing was recorded and the recording and the video speak for themselves.  Any remaining allegations are denied.

153.    Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's descriptions of the hearing and the video are denied, as the hearing was recorded and the recording and the video speak for themselves.  Any remaining allegations are denied.

154.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.  In addition, Plaintiff's attorney/advisor coached Plaintiff extensively throughout the hearing.

155.   Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's descriptions of the hearing and the text are denied, as the hearing was recorded and the recording and the text speak for themselves.  Any remaining allegations are denied.

156.   Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.  Any remaining allegations are denied.

157.   Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's descriptions of the hearing and the letter are denied, as the hearing was recorded and the recording and the letter speak for themselves.  Any remaining allegations are denied.

158.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

159.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

160.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

161.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

162.   Plaintiff's argumentative theory is denied.

163.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

164.    Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

165.    Admitted that, just as Plaintiff had the opportunity to pose questions through the adjudicator, so did Roe.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.  Any remaining allegations are denied.

166.    Denied as stated.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

167.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

168.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

169.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

170.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

171.    Admitted.

172.    Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

173.    Plaintiff's descriptions of the Outcome Letter and the video are denied, as the document and the video speak for themselves.

174.    Plaintiff's descriptions of the Outcome Letter and the video are denied, as the document and the video speak for themselves.

175.    Plaintiff's descriptions of the Outcome Letter and the video are denied, as the document and the video speak for themselves.

176.    Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

177.    Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

178.    Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

179.    Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

180.    Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied, except it is true Hodge found that expulsion was the proper sanction, particularly in light of Plaintiff's extensive disciplinary history, which he lied about in his mitigation statement.

185.    Admitted only that HWS moved all courses to an online format due to the COVID-19 pandemic.  The remaining allegations in Paragraph 185 are denied.  By way of

further response, Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

186.    Denied.  By way of further response, Plaintiff had an extensive disciplinary history and lied about it to the adjudicator in his mitigation statement.

187.    Admitted.

188.    Plaintiff's description of his appeal is denied, as the document speaks for itself.

189.    Plaintiff's description of his appeal is denied, as the document speaks for itself.

190.    Admitted only that Roe submitted a response to Plaintiff's appeal and a letter or "note" from one of the witnesses who was unavailable for the hearing.  The remaining allegations in Paragraph 190 are denied.  By way of further response, Plaintiff's description of Roe's response to his appeal is denied, as the document speaks for itself.

191.    Admitted only that Anna was unavailable to appear at the hearing.  HWS lacks first-hand knowledge of the interactions described in Paragraph 191 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

192.    Plaintiff's description of the letter or "note" is denied, as the document speaks for itself.

193.    Plaintiff's description of Roe's response to his appeal is denied, as the document speaks for itself.

194.    Denied.

195.    Admitted only that Plaintiff's advisor wrote to Dr. Boerner.  The remaining allegations in Paragraph 195 are denied.

196.    Plaintiff's description of the referenced communication is denied, as the writing speaks for itself.  By way of further response, the appeals panel did not see the note.

197.    Plaintiff's description of the referenced communication is denied, as the writing speaks for itself.  By way of further response, the appeals panel did not see the note.

198.    Plaintiff's description of the referenced communication is denied, as the writing speaks for itself.

199.    The first sentence of Paragraph 199 is admitted.  The remaining allegations are denied.

200.    Plaintiff's description of the letter is denied, as the document speaks for itself.

201.    The allegations in Paragraph 201 are denied as conclusions of law.

202.    Admitted only that HWS provided Plaintiff with the Handbook upon his acceptance to HWS.  Plaintiff's descriptions of the Handbook and HWS policies are denied, as the writings speak for themselves.

203.    Denied.

204.    Admitted.

205.    The allegations in Paragraph 205 are denied as conclusions of law.

206.    Denied.

207.    Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

208.    Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

209.    Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

210.    Plaintiff's description of the Policy is denied, as the document speaks for itself.

211.    Plaintiff's description of the Policy is denied, as the document speaks for itself.

212.    Denied.

213.    Denied.  By way of further response, Plaintiff's descriptions of the Policy, video, and Outcome Letter are denied, as the documents and the video speak for themselves.

214.    Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.  HWS also lacks first-hand knowledge of the interactions described in Paragraph 214 and the allegations as described by Plaintiff are thus deemed denied.  HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

215.    Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

216.    Admitted only that HWS did not issue a timely warning and that Plaintiff was expelled from HWS.  The remaining allegations in Paragraph 216 are denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.  In addition, Plaintiff's allegations conflate the analysis of a timely warning with an appropriate sanction in a disciplinary case and ignore Plaintiff's extensive disciplinary history, including the

24

fact that he was on his second "deferred suspension" when he committed these offenses and both

he and his parents had been warned at least twice that any further disciplinary violations may

result in his expulsion.

217.     Denied.  By way of further response, Plaintiff's description of the Policy is

denied, as the document speaks for itself.

218.     Plaintiff's description of the Policy is denied, as the document speaks for

itself.

219.     Denied.  By way of further response, Plaintiff's description of the

Procedures is denied, as the document speaks for itself.

220.     Denied.  By way of further response, Plaintiff's description of the

Procedures is denied, as the document speaks for itself.

221.     Denied.  By way of further response, Plaintiff's description of the

Procedures is denied, as the document speaks for itself.

222.     Denied.  By way of further response, Plaintiff's description of the

Procedures is denied, as the document speaks for itself.

223.     Denied.  By way of further response, Plaintiff's description of the

Procedures is denied, as the document speaks for itself.

224.     Denied.  By way of further response, Plaintiff's description of the

Procedures is denied, as the document speaks for itself.

225.     Denied.  By way of further response, Plaintiff's description of the

Procedures is denied, as the document speaks for itself.

226.     Denied.  By way of further response, Plaintiff's description of the

Procedures is denied, as the document speaks for itself.

227.    Denied.  By way of further response, Plaintiff's descriptions of the Procedures and Outcome Letter are denied, as the documents speaks for themselves.

228.    Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

229.    Denied.  By way of further response, Plaintiff's descriptions of the Procedures and Outcome Letter are denied, as the documents speaks for themselves.

230.    Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

231.    Plaintiff's description of the Procedures is denied, as the document speaks for itself.

232.    Denied.

233.    Admitted only that it took longer than sixty days to resolve Roe's complaint against Plaintiff due, in part, to requests Plaintiff made for extensions.  The remaining allegations in Paragraph 233 are denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

234.    Plaintiff's description of the Procedures is denied, as the document speaks for itself.

235.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

236.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

237.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

238.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

239.    Denied.

240.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

## AS AND FOR A FIRST CAUSE OF ACTION

252.    HWS repeats its answers to each and every allegation referenced above as if fully stated herein.

253.    Plaintiff's description of Title IX is denied, as the document speaks for itself.

254.    Admitted that HWS received and continues to receive federal funding. The remaining allegations in Paragraph 254 are denied as conclusions of law.

255.    Plaintiff's description of HWS's financial statement is denied, as the document speaks for itself.

256.    The allegations in Paragraph 256 are denied as conclusions of law.

257.    The allegations in Paragraph 257 are denied as conclusions of law.

258.    The allegations in Paragraph 258 are denied as conclusions of law.

259.    The allegations in Paragraph 259 are denied as conclusions of law.

260.    The allegations in Paragraph 260 are denied as conclusions of law.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

## AS AND FOR A SECOND CAUSE OF ACTION

270.    HWS repeats its answers to each and every allegation referenced above as if fully stated herein.

271.    The allegations in Paragraph 271 are denied as conclusions of law.

272.    The allegations in Paragraph 272 are denied as conclusions of law.

273.    The allegations in Paragraph 273 are denied as conclusions of law.

274.    The allegations in Paragraph 274 are denied as conclusions of law.

275.    The allegations in Paragraph 275 are denied as conclusions of law.

276.    Admitted.

277.    The allegations in Paragraph 277 are denied as conclusions of law.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

## AS AND FOR A THIRD CAUSE OF ACTION

284.    HWS repeats its answers to each and every allegation referenced above as if fully stated herein.

285.    The allegations in Paragraph 285 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Third Cause of Action pursuant to a Decision and Order dated June 25, 2021.

286.    The allegations in Paragraph 286 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Third Cause of Action pursuant to a Decision and Order dated June 25, 2021.

287.    The allegations in Paragraph 287 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Third Cause of Action pursuant to a Decision and Order dated June 25, 2021.

288.    The allegations in Paragraph 288 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Third Cause of Action pursuant to a Decision and Order dated June 25, 2021.

289.    The allegations in Paragraph 289 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Third Cause of Action pursuant to a Decision and Order dated June 25, 2021.

290.    The allegations in Paragraph 290 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Third Cause of Action pursuant to a Decision and Order dated June 25, 2021.

291.    Denied.  By way of further response, the Court dismissed Plaintiff's Third Cause of Action pursuant to a Decision and Order dated June 25, 2021.

## AS AND FOR A FOURTH CAUSE OF ACTION

292.    HWS repeats its answers to each and every allegation referenced above as if fully stated herein.

293.    The allegations in Paragraph 293 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Fourth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

294.    The allegations in Paragraph 294 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Fourth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

295.    The allegations in Paragraph 295 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Fourth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

296.    Denied.  By way of further response, the Court dismissed Plaintiff's Fourth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

297.    The allegations in Paragraph 297 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Fourth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

298.    The allegations in Paragraph 298 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Fourth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

299.    Denied.  By way of further response, the Court dismissed Plaintiff's Fourth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

## AS AND FOR AN EIGHTH[1] CAUSE OF ACTION

300.    HWS repeats its answers to each and every allegation referenced above as if fully stated herein.

301.    The allegations in Paragraph 301 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Eighth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

302.    The allegations in Paragraph 302 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Eighth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

---

[1] Plaintiff's First Amended Complaint styled the fifth and final count as an "Eighth Cause of Action."

303.    The allegations in Paragraph 303 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Eighth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

304.    The allegations in Paragraph 304 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Eighth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

305.    The allegations in Paragraph 305 are denied as conclusions of law.  By way of further response, the Court dismissed Plaintiff's Eighth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

306.    Denied.  By way of further response, the Court dismissed Plaintiff's Eighth Cause of Action pursuant to a Decision and Order dated June 25, 2021.

**WHEREFORE**, HWS respectfully prays that this Honorable Court enter judgment in Defendants' favor and against Plaintiff, dismiss Plaintiff's claims with prejudice, award HWS its attorney's fees and costs associated with defending this action, and any further relief deemed just and proper.

## JURY DEMAND

HWS hereby relies upon Plaintiff's jury demand.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state claims upon which relief can be granted.

2.    At all times relevant hereto, HWS's alleged acts complied with any and all of its duties under Title IX.

3.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

32

4.      Plaintiff's claims are barred because, at all times, HWS complied in good faith with all applicable statutes and regulations.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, and/or waiver.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his damages.

7.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of after acquired evidence.

8.      To the extent Plaintiff was damaged, his damages were caused by individuals or entities other than HWS.

9.      Any claim for breach of contract is barred by Plaintiff's own failure to comply with HWS's policies and procedures.

10.     HWS reserves the right to assert such additional defenses as are warranted in the event that discovery or further investigation indicates that such defenses would be appropriate.

Dated: Philadelphia, Pennsylvania
August 5, 2021

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By: */s/ Michael E. Baughman*
Michael E. Baughman
Jason T. Ketelsen (*admission pending*)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103
(215) 981-4000
Michael.Baughman@troutman.com
Jason.Ketelsen@troutman.com

*Attorneys for Defendant Hobart and*
*William Smith Colleges*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 5, 2021, a true and accurate copy of the foregoing

Answer and Affirmative Defenses to the First Amended Complaint was served electronically via

the Court's Electronic Case Filing system.

<u>*/s/ Michael E. Baughman*</u>
Michael E. Baughman