**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**
**ROCHESTER DIVISION**

_____

JOHN DOE,                                                       :
                                                                       :
        Plaintiff,                                         :
                                                                       :
     v.                                                           :          C.A. No. 6:20-cv-06338-EAW
                                                                       :
HOBART AND WILLIAM SMITH COLLEGES,        :
WILLIAM BOERNER, TAMARA CHASE, and          :
KELLEY HODGE,                                               :
                                                                       :
        Defendants.                                     :
                                                                       :
_____

**DEFENDANT HOBART AND WILLIAM SMITH COLLEGES'**
**ANSWER AND AFFIRMATIVE DEFENSES TO THE**
**SECOND AMENDED COMPLAINT**

Defendant Hobart and William Smith Colleges ("HWS"), by and through its

undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff's Second

Amended Complaint:

1.      Admitted that Plaintiff was an HWS student scheduled to graduate in May

2020 and that an investigation and adjudication of certain allegations made against Plaintiff by a

fellow HWS student resulted in Plaintiff's expulsion from HWS and that he therefore did not

receive a degree from HWS.  The remaining allegations in Paragraph 1 are denied.

2.      Admitted only that in September 2019 Plaintiff was provided a Notice of

Investigation relating to an assault that occurred in October 2018.  The remaining allegations are

denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Admitted that Plaintiff completed the academic requirements for an undergraduate degree at HWS.  The remaining allegations are denied.

7.      The allegations in Paragraph 7 are denied as conclusions of law, which do not require a response.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     The allegations in Paragraph 12 are conclusions of law; however, HWS admits that subject matter jurisdiction is proper in this Court.

13.     The allegations in Paragraph 13 are conclusions of law; however, HWS admits that this Court has personal jurisdiction over HWS.

14.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and the allegations are thus deemed denied.

15.     The allegations in Paragraph 15 are conclusions of law; however, HWS admits that venue is proper in this Court.

16.     Admitted that the DOE issued a "Dear Colleague Letter" on April 4, 2011. Plaintiff's description of the Dear Colleague Letter is denied, as the document speaks for itself.

17.     To the extent the allegations in Paragraph 17 purport to describe what the Department of Education intended or did, HWS lacks sufficient information to form a belief as to the truth of those allegations, which are therefore denied.  To the extent the allegations in Paragraph 17 are conclusions of law, no response is required.

18.     Plaintiff's description of the Dear Colleague Letter is denied, as the document speaks for itself.

19.     Admitted, except that Plaintiff's description of the 2014 Q&A as a "directive" is a legal conclusion.

20.     Plaintiff's description of the 2014 Q&A is denied, as the document speaks for itself.

21.     Plaintiff's description of the Report "Not Alone" is denied, as the document speaks for itself.

22.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 22 and the allegations are thus deemed denied.

23.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 23 and the allegations are thus deemed denied.

24.     HWS lacks sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 24 and the allegations are thus deemed denied. Plaintiff's description of the referenced article is denied, as the article speaks for itself.

25.     Plaintiff's description of the referenced white paper is denied, as the document speaks for itself.

26.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 26 and the allegations are thus deemed denied.

27.     Admitted only that a complaint was filed against HWS with the OCR in 2014.  Plaintiff's description of the complaint is denied, as the document speaks for itself.

28.     Plaintiff's description of the OCR complaint, and the supposed media coverage, is denied, as those documents speaks for themselves.

29.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

30.     Admitted that the New York times published an inaccurate article on the case.  Any remaining allegations are denied.

31.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 31 and the allegations are thus deemed denied.

32.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

33.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

34.     Plaintiff's description of the referenced website is denied, as the website speaks for itself.

35.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

36.     Admitted only that, like many college campuses, there was activism around the issue of sexual assault, from multiple perspectives.  The remaining allegations are denied.

37.     Denied.

38.     Plaintiff's description of the referenced letter is denied, as the letter speaks for itself.

39.     Plaintiff's description of the referenced letter is denied, as the letter speaks for itself.

40.     Denied.

41.     Denied.

42.     Admitted.

43.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

44.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

45.     Plaintiff's description of the referenced article is denied, as the article speaks for itself.

46.     Denied.  By way of further response, HWS, like any school, faces potential criticism from both complainants and respondents with any Title IX case.

47.     Admitted only that a separate complaint was also filed against HWS, which OCR dismissed, along with the first complaint, well before the case involving Plaintiff. Any remaining or inconsistent allegations are denied.

48.     Admitted.

49.     Plaintiff's description of the referenced press release is denied, as the press release speaks for itself.

50.     Admitted only that the DOE issued proposed new Title IX regulations. HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.

51.     Plaintiff's description of the referenced letter is denied, as the letter speaks for itself.  By way of further response, the letter made clear that the schools signing the letter were committed to providing fairness for respondents in Title IX cases.

52.     Denied.

53.     Plaintiff's description of the 2018 Title IX "update" is denied, as the writing speaks for itself.

54.     Denied.

55.     The first sentence of Paragraph 55 is admitted.  HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.

56.     The first sentence of Paragraph 56 is admitted.  HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.

57.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 57 and the allegations are thus deemed denied.

58.     The first sentence of Paragraph 58 is admitted.  HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

59.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 59 and the allegations are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

60.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 60 and the allegations are thus deemed denied.  By way of further

response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

61.     HWS lacks first-hand knowledge of the interactions described in Paragraph 61 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

62.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 62 and the allegations are thus deemed denied.

63.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 63 and the allegations are thus deemed denied.

64.     HWS lacks first-hand knowledge of the interactions described in Paragraph 64 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

65.     HWS lacks first-hand knowledge of the interactions described in Paragraph 65 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

66.     HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 66 and the allegations are thus deemed denied.

67.     HWS lacks first-hand knowledge of the interactions described in Paragraph 67 and the allegations as described by Plaintiff are thus deemed denied.  By way of

further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

68.     HWS lacks first-hand knowledge of the interactions described in Paragraph 68 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

69.     HWS lacks first-hand knowledge of the interactions described in Paragraph 69 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

70.     HWS lacks first-hand knowledge of the interactions described in Paragraph 70 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

71.     HWS lacks first-hand knowledge of the interactions described in Paragraph 71 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

72.     HWS lacks first-hand knowledge of the interactions described in Paragraph 72 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

73.    HWS lacks first-hand knowledge of the interactions described in Paragraph 73 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

74.    HWS lacks first-hand knowledge of the interactions described in Paragraph 74 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

75.    HWS lacks first-hand knowledge of the interactions described in Paragraph 75 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

76.    HWS lacks first-hand knowledge of the interactions described in Paragraph 76 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

77.    HWS lacks first-hand knowledge of the interactions described in Paragraph 77 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

78.    HWS lacks first-hand knowledge of the interactions described in Paragraph 78 and the allegations as described by Plaintiff are thus deemed denied.  By way of

further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

79.     HWS lacks first-hand knowledge of the interactions described in Paragraph 79 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

80.     HWS lacks first-hand knowledge of the interactions described in Paragraph 80 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

81.     HWS lacks first-hand knowledge of the interactions described in Paragraph 81 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

82.     HWS lacks first-hand knowledge of the interactions described in Paragraph 82 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

83.     HWS lacks first-hand knowledge of the interactions described in Paragraph 83 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

84.     HWS lacks first-hand knowledge of the interactions described in Paragraph 84 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

85.     HWS lacks first-hand knowledge of the interactions described in Paragraph 85 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

86.     Plaintiff's description of the video is denied, as the video speaks for itself. By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

87.     Plaintiff's description of the video is denied, as the video speaks for itself. By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

88.     Plaintiff's description of the video is denied, as the video speaks for itself. By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

89.     HWS lacks first-hand knowledge of the interactions described in Paragraph 89 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

90.     HWS lacks first-hand knowledge of the interactions described in Paragraph 90 and the allegations as described by Plaintiff are thus deemed denied.  By way of

further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

91.     HWS lacks first-hand knowledge of the interactions described in Paragraph 91 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

92.     HWS lacks first-hand knowledge of the interactions described in Paragraph 92 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

93.     HWS lacks first-hand knowledge of the interactions described in Paragraph 93 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

94.     Admitted only that Roe filed a complaint with HWS's Title IX office in September of 2019 and that she was accompanied by her roommate Sally Smith.  The remaining allegations in Paragraph 94 are denied.

95.     Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

96.     Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

97.     Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

98. Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

99. Plaintiff's description of the Title IX Disclosure Form is denied, as the document speaks for itself.

100. Admitted only that Roe requested academic accommodations. The remaining allegations in Paragraph 100 are denied.

101. The first sentence of Paragraph 101 is admitted. HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and the allegations are thus deemed denied. By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

102. Plaintiff's description of the Notice of Investigation is denied, as the document speaks for itself.

103. Admitted.

104. Admitted that CSC Investigations is an investigative firm with substantial experience conducting Title IX investigations. HWS lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 104 and the allegations are thus deemed denied.

105. Plaintiff's description of the referenced website is denied, as the website speaks for itself.

106. Plaintiff's description of the referenced article is denied, as the document speaks for itself.

107. Denied.

108.    Denied.

109.    HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 109 (which purport to generalize what "trauma informed trainings" are) and the allegations are thus deemed denied.

110.    Plaintiff's description of the referenced article is denied, as the document speaks for itself.

111.    HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 111 and the allegations are thus deemed denied.  By way of further response, HWS does not utilize ATIXA training.

112.    HWS lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 112 and the allegations are thus deemed denied.  By way of further response, HWS does not utilize ATIXA training.

113.    Plaintiff's description of the referenced Position Statement is denied, as the document speaks for itself.  By way of further response, HWS does not utilize ATIXA training.

114.    Denied.

115.    Admitted.

116.    Admitted.

117.    Admitted.

118.    Admitted only that Chase audio-recorded the interviews after obtaining consent from each witness and informing the witnesses that she would destroy the recordings after drafting the investigative report.  Plaintiff's attorney/advisor was present when this was

14

explained to Plaintiff and he did not object.  The remaining allegations in Paragraph 118 are denied.

119.    Admitted that Chase conducted certain follow-up interviews.  The remaining allegations in Paragraph 119 are denied.

120.    Admitted that Chase issued the final investigative report on February 7, 2020.  The remaining allegations in Paragraph 120 are denied.

121.    The first sentence of Paragraph 121 is admitted.  The remaining allegations are denied.

122.    Plaintiff's description of the final investigative report is denied, as the document speaks for itself.

123.    Plaintiff's description of the final investigative report is denied, as the document speaks for itself.

124.    Plaintiff's description of the final investigative report is denied, as the document speaks for itself.

125.    The first sentence of Paragraph 125 is admitted.  Plaintiff's description of the final investigative report is denied, as the document speaks for itself.

126.    The first sentence of Paragraph 126 is admitted.  The remaining allegations are denied.

127.    Plaintiff's description of the final investigative report is denied, as the document speaks for itself.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

128.    Plaintiff's descriptions of the final investigative report and video are denied, as the document and video speak for themselves.  By way of further response, HWS

investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

129.    Plaintiff's descriptions of the final investigative report and videos are denied, as the document and videos speak for themselves.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

130.    Plaintiff's descriptions of the final investigative report and videos are denied, as the document and videos speak for themselves.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

131.    Plaintiff's descriptions of the final investigative report and videos are denied, as the document and videos speak for themselves.

132.    Plaintiff's descriptions of the final investigative report and videos are denied, as the document and videos speak for themselves.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

133.    Plaintiff's descriptions of the final investigative report and HWS policy are denied, as the writings speak for themselves.

134.     Plaintiff's descriptions of the final investigative report are denied, as the writing speaks for itself.

135.    Plaintiff's descriptions of the final investigative report and related documents are denied, as the writings speak for themselves.  By way of further response, HWS

investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

136.   Denied.

137.   Denied.

138.   Admitted.

139.   The first sentence of Paragraph 139 is admitted.  Plaintiff's description of the website is denied, as the website speaks for itself.

140.   Admitted.

141.   Admitted that the identified individuals were present at the hearing.

142.   Denied that the parties were provided no reason for the witness's unavailability.  The remaining allegations in Paragraph 142 are admitted.

143.   Denied that the parties were provided no reason for the witness's unavailability.  The remaining allegations in Paragraph 143 are admitted.

144.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

145.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

146.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

147.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

148.   Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.  In addition, upon

information and belief, Plaintiff's attorney/advisor prepared most (if not all) of Plaintiff's statements and questions for the hearing, and assisted him with answering questions.

149.    Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's descriptions of the hearing and the video are denied, as the hearing was recorded and the recording and the video speak for themselves.  Any remaining allegations are denied.

150.    Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's descriptions of the hearing and the video are denied, as the hearing was recorded and the recording and the video speak for themselves.  Any remaining allegations are denied.

151.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.  In addition, Plaintiff's attorney/advisor coached Plaintiff extensively throughout the hearing.

152.    Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's descriptions of the hearing and the text are denied, as the hearing was recorded and the recording and the text speak for themselves.  Any remaining allegations are denied.

153.    Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.  Any remaining allegations are denied.

154.    Admitted that Plaintiff asked the adjudicator to pose questions to Roe, which were in fact posed to Roe.  Plaintiff's descriptions of the hearing and the letter are denied,

as the hearing was recorded and the recording and the letter speak for themselves.  Any remaining allegations are denied.

155.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

156.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

157.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

158.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

159.    Plaintiff's argumentative theory is denied.

160.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

161.    Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

162.    Admitted that, just as Plaintiff had the opportunity to pose questions through the adjudicator, so did Roe.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.  Any remaining allegations are denied.

163.    Denied as stated.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

164.    Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

165.     Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

166.     Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

167.     Denied.  By way of further response, Plaintiff's description of the hearing is denied, as the hearing was recorded and the recording speaks for itself.

168.     Admitted.

169.     Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

170.     Plaintiff's descriptions of the Outcome Letter and the video are denied, as the document and the video speak for themselves.

171.     Plaintiff's descriptions of the Outcome Letter and the video are denied, as the document and the video speak for themselves.

172.     Plaintiff's descriptions of the Outcome Letter and the video are denied, as the document and the video speak for themselves.

173.     Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

174.     Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

175.     Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

176.     Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

177.     Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

178.     Denied.

179.     Denied.

180.     Denied.

181.     Denied, except it is true Hodge found that expulsion was the proper sanction, particularly in light of Plaintiff's extensive disciplinary history, which he lied about in his mitigation statement.

182.     Admitted only that HWS moved all courses to an online format due to the COVID-19 pandemic.  The remaining allegations in Paragraph 182 are denied.  By way of further response, Plaintiff's description of the Outcome Letter is denied, as the document speaks for itself.

183.     Denied.  By way of further response, Plaintiff had an extensive disciplinary history and lied about it to the adjudicator in his mitigation statement.

184.     Admitted.

185.     Plaintiff's description of his appeal is denied, as the document speaks for itself.

186.     Plaintiff's description of his appeal is denied, as the document speaks for itself.

187.     Admitted only that Roe submitted a response to Plaintiff's appeal and a letter or "note" from one of the witnesses who was unavailable for the hearing.  The remaining allegations in Paragraph 187 are denied.  By way of further response, Plaintiff's description of Roe's response to his appeal is denied, as the document speaks for itself.

188.     Admitted only that Anna was unavailable to appear at the hearing.  HWS lacks first-hand knowledge of the interactions described in Paragraph 188 and the allegations as described by Plaintiff are thus deemed denied.  By way of further response, HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

189.     Plaintiff's description of the letter or "note" is denied, as the document speaks for itself.

190.     Plaintiff's description of Roe's response to his appeal is denied, as the document speaks for itself.

191.     Denied.

192.     Admitted only that Plaintiff's advisor wrote to Dr. Boerner.  The remaining allegations in Paragraph 192 are denied.

193.     Plaintiff's description of the referenced communication is denied, as the writing speaks for itself.  By way of further response, the appeals panel did not see the note.

194.     Plaintiff's description of the referenced communication is denied, as the writing speaks for itself.  By way of further response, the appeals panel did not see the note.

195.     Plaintiff's description of the referenced communication is denied, as the writing speaks for itself.

196.     The first sentence of Paragraph 196 is admitted.  The remaining allegations are denied.

197.     Plaintiff's description of the letter is denied, as the document speaks for itself.

198.     The allegations in Paragraph 198 are denied as conclusions of law.

199.     Admitted only that HWS provided Plaintiff with the Handbook upon his acceptance to HWS.  Plaintiff's descriptions of the Handbook and HWS policies are denied, as the writings speak for themselves.

200.     Denied.

201.     Admitted.

202.     The allegations in Paragraph 202 are denied as conclusions of law.

203.     Denied.

204.     Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

205.     Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

206.     Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

207.     Plaintiff's description of the Policy is denied, as the document speaks for itself.

208.     Plaintiff's description of the Policy is denied, as the document speaks for itself.

209.     Denied.

210.     Denied.  By way of further response, Plaintiff's descriptions of the Policy, video, and Outcome Letter are denied, as the documents and the video speak for themselves.

211.     Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.  HWS also lacks first-hand knowledge of the interactions described in Paragraph 211 and the allegations as described by Plaintiff are thus

deemed denied.  HWS investigated and adjudicated Roe's allegations of sexual assault, the results of which are in writing and speak for themselves.

212.    Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

213.    Admitted only that HWS did not issue a timely warning and that Plaintiff was expelled from HWS.  The remaining allegations in Paragraph 213 are denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself. In addition, Plaintiff's allegations conflate the analysis of a timely warning with an appropriate sanction in a disciplinary case and ignore Plaintiff's extensive disciplinary history, including the fact that he was on his second "deferred suspension" when he committed these offenses and both he and his parents had been warned at least twice that any further disciplinary violations may result in his expulsion.

214.    Denied.  By way of further response, Plaintiff's description of the Policy is denied, as the document speaks for itself.

215.    Plaintiff's description of the Policy is denied, as the document speaks for itself.

216.    Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

217.    Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

218.    Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

219.     Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

220.     Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

221.     Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

222.     Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

223.     Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

224.     Denied.  By way of further response, Plaintiff's descriptions of the Procedures and Outcome Letter are denied, as the documents speaks for themselves.

225.     Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

226.     Denied.  By way of further response, Plaintiff's descriptions of the Procedures and Outcome Letter are denied, as the documents speaks for themselves.

227.     Denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

228.     Plaintiff's description of the Procedures is denied, as the document speaks for itself.

229.     Denied.

230.     Admitted only that it took longer than sixty days to resolve Roe's complaint against Plaintiff due, in part, to requests Plaintiff made for extensions.  The remaining

allegations in Paragraph 230 are denied.  By way of further response, Plaintiff's description of the Procedures is denied, as the document speaks for itself.

231.    Plaintiff's description of the Procedures is denied, as the document speaks for itself.

232.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

233.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

234.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

235.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

236.    Denied.

237.    Plaintiff's description of Article 129-B is denied, as the document speaks for itself.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.   Denied.

247.   Denied.

248.   Denied.

## AS AND FOR A FIRST CAUSE OF ACTION

249.   HWS repeats its answers to each and every allegation referenced above as if fully stated herein.

250.   Plaintiff's description of Title IX is denied, as the document speaks for itself.

251.   Admitted that HWS received and continues to receive federal funding. The remaining allegations in Paragraph 251 are denied as conclusions of law.

252.   Plaintiff's description of HWS's financial statement is denied, as the document speaks for itself.

253.   The allegations in Paragraph 253 are denied as conclusions of law.

254.   The allegations in Paragraph 254 are denied as conclusions of law.

255.   The allegations in Paragraph 255 are denied as conclusions of law.

256.   The allegations in Paragraph 256 are denied as conclusions of law.

257.   The allegations in Paragraph 257 are denied as conclusions of law.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Denied.

262.   Denied.

263.   Denied.

264.    Denied.

265.    Denied.

266.    Denied.

**AS AND FOR A SECOND CAUSE OF ACTION**

267.    HWS repeats its answers to each and every allegation referenced above as if fully stated herein.

268.    The allegations in Paragraph 268 are denied as conclusions of law.

269.    The allegations in Paragraph 269 are denied as conclusions of law.

270.    The allegations in Paragraph 270 are denied as conclusions of law.

271.    The allegations in Paragraph 271 are denied as conclusions of law.

272.    The allegations in Paragraph 272 are denied as conclusions of law.

273.    Admitted.

274.    The allegations in Paragraph 274 are denied as conclusions of law.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

**WHEREFORE**, HWS respectfully prays that this Honorable Court enter judgment in Defendants' favor and against Plaintiff, dismiss Plaintiff's claims with prejudice, award HWS its attorney's fees and costs associated with defending this action, and any further relief deemed just and proper.

28

## JURY DEMAND

HWS hereby relies upon Plaintiff's jury demand.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state claims upon which relief can be granted.

2.      At all times relevant hereto, HWS's alleged acts complied with any and all of its duties under Title IX.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.      Plaintiff's claims are barred because, at all times, HWS complied in good faith with all applicable statutes and regulations.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, and/or waiver.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his damages.

7.      Plaintiff's claims may be barred, in whole or in part, by the doctrine of after acquired evidence.

8.      To the extent Plaintiff was damaged, his damages were caused by individuals or entities other than HWS.

9.      Any claim for breach of contract is barred by Plaintiff's own failure to comply with HWS's policies and procedures.

10.     HWS reserves the right to assert such additional defenses as are warranted in the event that discovery or further investigation indicates that such defenses would be appropriate.

Dated: Philadelphia, Pennsylvania
February 25, 2022

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By: */s/ Michael E. Baughman*
Michael E. Baughman
Jason T. Ketelsen
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103
(215) 981-4000
Michael.Baughman@troutman.com
Jason.Ketelsen@troutman.com

*Attorneys for Defendant Hobart and*
*William Smith Colleges*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2022, a true and accurate copy of the

foregoing Answer and Affirmative Defenses to the Second Amended Complaint was served

electronically via the Court's Electronic Case Filing system.

<u>  */s/ Michael E. Baughman*   </u>
Michael E. Baughman