UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN DOE,

           Plaintiff,

v.

HOBART AND WILLIAM SMITH
COLLEGES, et al.,

           Defendants.

DECISION AND ORDER

20-CV-6338-EAW-MJP

---

**Pedersen, M.J.** Plaintiff commenced this action on May 22, 2020, and has since amended the complaint twice. The Second Amended Complaint alleges that defendant Hobart and William Smith Colleges ("HWS") expelled John Doe ("Plaintiff") in his senior year because of Defendants' "improper, biased, and negligent investigation and adjudication . . . of certain false allegations made against Plaintiff by a fellow Hobart student, Jane Roe." (Second Am. Compl. ("Compl.") at 1–2, ECF No. 59.) Presently before the undersigned is HWS's request to be heard on objections received from three non-party students/former students in response to HWS's notifications sent in accordance with the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. (Corresp. from M. Baughman to Judge Wolford, dated 2/22/22; corresp. from M. Baughman to Judge Pedersen, dated 3/16/22.) More particularly, in response to the FERPA notification the non-party students/former students objected to having his/her names and/or other personally identifiable information disclosed in connection with this action.

1

On November 4, 2021, the parties entered into a Stipulated Discovery Confidentiality Agreement and Protective Order ("Confidentiality Agreement") which, in relevant part, provides:

> 2. Before producing (a) relevant or responsive un-redacted documents that contain identifying information for Non-Party Students or (b) Non-Party Student Education Records of students requested by Plaintiff, HWS shall make reasonable efforts in accordance with 34 C.F.R. Sec. 99.31(a)(9)(ii) to notify the Non-Party Student whose education record may be disclosed by sending a notice to the student's last known address by certified mail and to the student's last known email address. The notice shall provide that, if the student objects to the production of the material, the student must submit an objection in writing to counsel for HWS, within 15 calendar days of HWS having mailed the notification. In the event an objection is submitted to HWS, HWS shall submit the objection to the Court in camera, on notice to all parties, and it shall not file or produce the subject document in un-redacted form until the objection is resolved. In the event an objection is submitted, HWS shall provide Plaintiff's counsel with a redacted version of the objection, removing any identifying information and it shall not produce the subject document in un-redacted form until the objection is resolved.

(*Id.*) The undersigned "So Ordered" the Stipulation. (*Id.*)

HWS sent the FERPA notifications to the non-party students/former students, three of whom lodged objections, which informed them that a former HWS student had commenced a lawsuit against HWS for allegedly violating its Sexual Misconduct Policy and HWS's decision to sanction the plaintiff of that lawsuit. The notification also informed the non-party students/former students that during discovery his or her name appeared in records related to the investigation of the plaintiff's alleged misconduct. HWS further informed the non-party students/former students that FERPA protects their personally identifiable information unless a court orders HWS to disclose it. HWS communicated that, prior to disclosing any personally identifiable information, the parties agreed, and the undersigned has ordered, that notice first be

provided to the students/former students whose information was at issue and that he or she had the opportunity to object to such disclosure. Finally, HWS indicated that if a non-party student/former student did lodge objections, the undersigned would then determine whether the personally identifiable information at issue should be disclosed.

HWS informed the Court about the three objections lodged by non-party students/former students and that the Confidentiality Agreement provides for an *in camera* review of such objections, but that it did not specify the actual process for resolving the objections. (Corresp. from M. Baughman to Judge Wolford, dated 2/22/22.) In response, the undersigned scheduled a conference and emailed counsel for all three non-party students/former students who raised objections, inviting them to participate in the conference scheduled for March 30, 2022, during which the objections would be discussed.

On March 30, 2022, the undersigned held a conference with the parties and William Hughes, Jr., counsel for one of the non-parties who lodged an objection, to discuss all three objections. During the conference, Mr. Hughes contended that 20 U.S.C. § 1232g only permits discovery of personally identifiable information in criminal investigations. *Id.* at § 1232g(b)(1)(J). In response, counsel for HWS asserted that the regulation provides that it can disclose personally identifiable information in education records if a court orders the information produced. Mr. Hughes asserted that that statute and the regulation are in conflict with one another.

In reviewing 20 U.S.C. § 1232g and 34 C.F.R § 99.31(a)(9)(i) the undersigned does not find any conflict between the two as Mr. Hughes suggested. The provision

3

on which Mr. Hughes relied indicating that HWS was prohibited from disclosing personally identifiable information—20 U.S.C. § 1232g(b)(1)(J)—applies to criminal cases in which a grand jury subpoena has been issued, which is not the case here. Instead, the undersigned finds that § 1232g(b)(2)(B) is the applicable provision, which provides that personally identifiable information can be "furnished in compliance with a judicial order." *Id.* This section does not contradict the regulation relied upon by HWS for disclosing such information.

Furthermore, HWS has been presented with a discovery demand to which it is required to respond under the Federal Rules of Civil Procedure. Further, the undersigned is concerned that the logistics of redacting the personally identifiable information of complainants and witnesses from all forms of discovery would be an onerous task. The parties entered into the Confidentiality Order, which the undersigned "So Ordered," so that parties and non-parties alike can be assured that their information will be kept confidential and not released to the public.

## CONCLUSION

Based upon the forgoing, the undersigned directs HWS to produce the personally identifiable information of the three objecting non-party students/former students in accordance with the terms of the Confidentiality Order and pursuant to 20 U.S.C. § 1232g and 34 C.F.R § 99.31(a)(9)(i) and (ii).

SO ORDERED.

DATED: March 31, 2022
           Rochester, New York

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge